# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| | ) Case No.: SACV 19-05372-CJC(JEMx) |
| RICKY BEJAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION TO REMAND |
| | ) |
| SUBARU OF AMERICA, INC., and | ) |
| DOES 1-50, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## I. INTRODUCTION AND BACKGROUND

On May 15, 2019, Plaintiff Ricky Bejar filed this action in Ventura County Superior Court against Defendant Subaru of America, Inc. ("Subaru"). (Dkt. 1-2 [Complaint, hereinafter "Compl."].) Plaintiff bought a purportedly defective 2015

Subaru Impreza WRX from Defendant in July 2015. (Compl. ¶ 5.) Plaintiff alleges six claims under California law: breach of the implied warranty of merchantability, breach of the implied warranty of fitness, sale of defective merchandise without disclosing defects, breach of express warranty, failure to promptly repurchase product, and failure to commence repairs within a reasonable time and to complete them within thirty days. (*Id.* ¶¶ 4–43.)

Subaru removed the case to this Court on June 19, 2019, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal].) On September 23, 2019, Plaintiff filed a motion to remand the action to Ventura County Superior Court, arguing that Suburu has not carried its burden to show removal was proper. (Dkt. 15.) For the following reasons, Plaintiff's motion is **GRANTED**.[1]

## II. DISCUSSION

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court may assert diversity jurisdiction over cases that are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 21, 2019, at 1:30 p.m. is hereby vacated and off calendar.

Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).

Any opposition to Plaintiff's motion to remand was due September 30, 2019. Suburu has failed to file an opposition. Under the Central District of California's Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

In light of the presumption against removal jurisdiction, *see Gaus*, 980 F.2d at 566, and Subaru's apparent consent, the Court **GRANTS** Plaintiff's motion. This action is hereby remanded to Ventura County Superior Court.

Plaintiff's Motion for Leave to File a First Amended Complaint (Dkt. 16) is **DENIED AS MOOT.**

DATED:     October 10, 2019

_____

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE